{¶ 145} Because a discriminatory purpose and result is the alleged wrong on which the claim for relief is predicated, a plaintiff's application for a position he was not awarded is a necessary predicate to a reverse discrimination claim. Sutherland v. Michigan Dep't. ofTreasury (2003), 344 F.3d 603. The plaintiff is excused from that requirement if his application would have been a futile gesture.International Brotherhood of Teamsters v. United States (1977),431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396. In order to prove that his application would have been a futile gesture, "the circumstances must reveal overwhelming evidence of pervasive discrimination in all aspects of [the employer's] internal employment practices, and [that]. . . any application would have been futile and perhaps foolhardy." Bacon v.Honda of America Manufacturing (2004), 370 F.3d 565, 576, quotingHarless v. Duck (1980), 619 F.2d 611, 617-18.
 {¶ 146} Courts are reluctant to apply the futile gesture doctrine where the plaintiff failed to apply for the promotion for reasons other than the employer's discriminatory practices. E.g., Harley v. SuburbanHosp., Inc. (D. Md. Apr. 30, 2004), No. Civ. JFM-03-1694 (denying the plaintiff's discrimination claim where the plaintiff was discouraged from applying because the position would not meet his salary needs.)
 {¶ 147} Plaintiff-Appellant Mitchell did not apply for the position he claims was awarded to another applicant and denied him because of Defendants-Appellees' *Page 45 
discriminatory purpose. The majority finds the statement to Mitchell by his supervisor, Matti Seege, that Mitchell would not be getting the job (T. 552-553), sufficient to prove the futile gesture exception. I do not agree, for two reasons.
 {¶ 148} First, a plaintiff who would rely on the futile gesture doctrine must show that `"he would have applied but for accurate knowledge of an employer's discrimination and that he would have been discriminatorily rejected had he actually applied,'" Brown v.McLean (1998), 159 F.3d 898, 902, quoting Pinchback v. Armistead HomesCorp. (1990), 907 F.2d 1447, 1451. Seege's statement shows that Mitchell would not get the promotion, but it fails to portray the required discriminatory purpose. Other evidence suggesting existence of the prohibited purpose was offered, but it is general and lacks the circumstantial nexus to a discriminatory purpose vis-a-vis Mitchell's application.
 {¶ 149} Second, Mitchell testified that he did not reapply because "[m]y resume was still in as far as I was concerned. . . you don't have to be acting to still be in the running. . . I'm not even sure that I was aware of the Maximus search." (T. 556). That explanation portrays an inadvertence, not that Mitchell was dissuaded from applying on account of his employer's discriminatory purposes. More importantly, it negates the predicate on which the futile gesture exception is predicated, the plaintiff's belief that any application would be futile, because it indicates that Mitchell believed he had applied.
 {¶ 150} The evidence before the trial court was insufficient to demonstrate that Mitchell's application would have been a futile gesture. Therefore, his reverse discrimination claim is barred by Mitchell's failure to apply for the position he complains he was denied because of his employer's discriminatory purpose. I would overrule the error assigned and affirm the trial court. *Page 1